**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE:<br><br>RICHARD JAMES COTTRELL, JR.<br>    Debtor<br><br>GEORGIA COTTRELL<br>    Plaintiff<br><br>vs.<br><br>RICHARD JAMES COTTRELL, JR.<br>    Defendant | CASE NO.    17-50057 (JAM)<br><br>CHAPTER    7<br><br><br><br><br>ADV. PRO. NO.    18-05021 (JAM)<br><br>ECF NOS.    24, 58 |

**APPEARANCES**

Irve J. Goldman, Esq.　　　　　　　　　　　　Attorney for the Plaintiff
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006

Timothy D. Miltenberger, Esq.　　　　　　　　Attorney for the Defendant
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange Street
New Haven, CT 06511

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**I.　　Procedural History**

Georgia Cottrell (the "Plaintiff"), filed a Motion for Partial Summary Judgment (the "Motion," ECF No. 24), with respect to Count Four of the Complaint filed in this adversary proceeding (the "Complaint," ECF No. 1). The Motion seeks to have a judgment debt owed to her by Richard James Cottrell, Jr. (the "Defendant"), entered in a marital dissolution action (the

"Dissolution Action"), declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Specifically, the Motion asserts that a Connecticut Superior Court decision which held that the Defendant fraudulently conveyed his interests in real property to his children to prevent the Plaintiff from obtaining an interest in the properties in the event of a dissolution should be given preclusive effect in this adversary proceeding.[1] In the Cross-Motion for Summary Judgment and Opposition to the Plaintiff's Motion for Summary Judgment (collectively, the "Cross-Motion," ECF No. 58), the Defendant argues that because the Superior Court decision was based on a marital property division, rather than on a fraudulent conveyance, the Plaintiff is not entitled to summary judgment as a matter of law.[2] Having reviewed the pleadings and evidence submitted, and after consideration of the arguments made during the hearing on the Motion, the Motion is **GRANTED** and the Cross-Motion is **DENIED**.[3]

## II.    Jurisdiction

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1334(b).  The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference dated September 21, 1984.  This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

---

[1] The Motion also correctly asserts that the Superior Court decision was affirmed by the Connecticut Appellate Court.  *See Georgia Cottrell v. Richard Cottrell*, Docket No. FA06-4006319-S, *aff'd* 135 Conn. App. 52, 33 A.3d 839 (Conn. App. 2012).

[2] Debt to a former spouse incurred by a debtor in the course of a divorce decree or other order of a court of record is subject to 11 U.S.C. § 523 (a)(15) and is nondischargeable.

[3] After considering the Defendant's argument that the Plaintiff lacks standing to bring a Section 523(a)(2)(A) action because the Plaintiff was a "future creditor" at the time of the fraudulent conveyances, the Court finds that argument unpersuasive.  *See* UNIF. FRAUDULENT TRANSFER ACT § 4(a)(1) (deriving from § 7 of the UNIF. FRAUDULENT CONVEYANCE ACT stating "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.")

**III.    Undisputed Facts**

The Motion, the Plaintiff's Rule 56(a)(1) Statement, the Cross-Motion, and the Defendant's Rule 56(a)(2) Statement establish the following undisputed facts:

1. By Complaint returnable to the Connecticut Superior Court, Judicial District of Danbury (the "Superior Court"), the Plaintiff initiated the Dissolution Action against the Defendant. *See* Superior Court Judgment at 1; Pl.'s D. Conn. L. Civ. R. 56(a)(1) Statement ("Pl.'s Statement") at ¶ 1, ECF No. 26; Def.'s D. Conn. L. Civ. R. 56(a)(2) Statement ("Def.'s Statement") at ¶ 1, ECF No. 58-2.

2. On November 17, 2009, following a trial in the Dissolution Action, the Superior Court issued a Corrected Memorandum of Decision and a Judgment (collectively, the "Superior Court Judgment"), in which it found by clear and convincing evidence that the Defendant fraudulently conveyed the parties' marital residence at 3 Packer Brook Road, Redding, Connecticut, and partial interests in certain other real property (collectively the "Marital Properties"), to his children prior to the Dissolution Action. *See* Superior Court Judgment at 2-4; *Cottrell v. Cottrell*, 133 Conn. App. 52, 56, 33 A.3d 839, 843 (2012); Pl.'s Statement at ¶ 2, 4.

3. The properties in which the Defendant transferred partial interests to his children were condominium units known as 50 Ferry Court, Stratford, Connecticut, 53 Ferry Court, Stratford, Connecticut, and Units 1C, 2C and 3C at 208 Point Beach, Milford. *See* Superior Court Judgment at 2, 3; Pl.'s Statement at ¶ 4; Def.'s Statement at ¶ 4.

4. The Superior Court specifically found that "the transfers were fraudulent conveyances by clear and convincing evidence because there was insufficient consideration and because they deprive the court of utilizing sufficient resources to effectuate an equitable distribution." Superior Court Judgment at 4; *see* Pl.'s Statement at ¶ 6; Def.'s Statement at ¶ 6.

5. The Superior Court found that the Defendant fraudulently conveyed his interests in the Marital Properties "to prevent his wife from obtaining an interest in the real property in the event of a dissolution." *See* Superior Court Judgment at 4; Pl.'s Statement at ¶ 7.

6. Based on its findings that the fraudulent conveyances occurred, the Superior Court set aside the transfers to the children, restored full undivided interests in the Marital Properties to the Defendant, and ordered the Defendant to buy the Plaintiff's legal and equitable interest in the Marital Properties within ninety (90) days of its decision for the amount of $200,000.00 (the "Dissolution Action debt"). *See* Superior Court Judgment at 4-5, 9; Pl.'s Statement at ¶ 8; Def.'s Statement at ¶ 8.

7. At a subsequent post-judgment hearing, the Superior Court ordered that interest be paid on the Dissolution Action debt at the rate of 5% per annum from February 15, 2010 to April 17, 2013 and, due to a payment received by Plaintiff in the amount of $2,949.22 on April 17, 2013, interest at the rate of 5% per annum on the amount of $197,050.78 from and after April 17, 2013. *See* Pl.'s Statement at ¶ 10; Def.'s Statement at ¶ 10.

8. Accounting for one payment of $2,250.00, the total principal and interest due on the unpaid amount of the Dissolution Action debt was $263,397.09 as of the date the Defendant filed his Chapter 7 case on January 20, 2017. *See* Pl.'s Statement at ¶ 11.

## IV. Legal Issues

### A. Summary Judgment Standard

Courts can grant motions for summary judgment when there is no genuine issue of material fact with respect to all of the elements of a cause of action. *See In re Dana Corp.,* 574 F.3d 129, 145 (2d Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986)); *Parris v. Delaney (In re Delaney),* 504 B.R. 738, 746 (Bankr. D. Conn.

4

2014). To survive summary judgment, the nonvovant must show that "reasonable minds could differ as to the import of the evidence … in the record." *R.B. Ventures, Ltd. V. Shane*, 112 F.3d 54, 59 (2d Cir. 1997). Furthermore, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Flaherty v. Long*, 199 F.3d 607, 615 (2d Cir. 1999) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994)).

### B. General Collateral Estoppel Standards

"It is well settled that preclusion principles apply in bankruptcy proceedings." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006); *In re Thompson*, 511 B.R. 20, 24 (Bankr. D. Conn. 2014). "When determining the preclusive effect of a state court judgment, a court must apply the preclusive law of the rendering state." *Thompson*, 511 B.R. at 26 (quoting *Faraday v. Blanchette*, 596 F. Supp. 2d 508, 514 (D. Conn. 2009)). As the Connecticut Supreme Court stated in *Cumberland Farms, Inc. v. Town of Groton*, 262 Conn. 45, 58 (2002), under Connecticut law "[i]ssue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment." The court in *Cumberland Farms* went on to further explain that, in Connecticut,

> . . . collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined . . . An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered . . . If an issue has been determined, but the judgment is not dependent upon the determination of that issue, the parties may relitigate the issue in a subsequent action.

*Id.* at 58, n. 17 (emphasis in original) (citing *Dowling v. Finley Associates, Inc.*, 248 Conn. 364, 373-74 (1999)).

Specifically, in cases "[w]here the debt in question is a judgment entered after a claim of

fraud has been adjudicated, either party to a subsequent adversary proceeding on nondischargeability can invoke collateral estoppel to establish that the debt is or is not dischargeable under the relevant nondischargeability provision." *Giaimo v. DeTrano (In re DeTrano)*, 326 F.3d 319, 322 (2d Cir. 2003). To be subject to collateral estoppel, an issue must have been (1) "fully and fairly litigated," (2) "actually decided," (3) "necessary to the judgment," in the first action, and (4) "identical" to the issue to be decided in the second action. *See Faraday v. Blanchette*, 596 F. Supp. 2d 508, 515 (D. Conn. 2009) (citing *State v. Joyner*, 255 Conn. 477, 490, 774 A.2d 927 (2001)); *Lighthouse Landings, Inc. v. Conn. Light & Power Co.*, 300 Conn. 325, 343 (2011).

**V.    Discussion**

The Superior Court Judgment is given preclusive effect in this adversary proceeding. First, the fraudulent conveyances were "fully and fairly litigated" in the Dissolution Action. "An issue has been fully and fairly litigated if the party against whom collateral estoppel is asserted had a "full and fair opportunity" to litigate that issue in the prior proceeding." *See Faraday*, 596 F. Supp. 2d at 515 (citing *Aetna Cas. & Sur. Co. v. Jones*, 220 Conn. 285, 306, 596 A.2d 414 (1991)). The Defendant had a "full and fair opportunity" to litigate the fraudulent conveyances in the Dissolution Action. *Id*. The Defendant was represented by counsel, both parties filed numerous pleadings prior to trial, and the fraudulent conveyances were squarely addressed by both parties and the Superior Court. *See Faraday*, 596 F. Supp. 2d at 515 ("An issue is actually litigated if it is properly raised in the pleadings...") (citing *Joyner*, 255 Conn. at 490, 774 A.2d 927). In addition, the Defendant appealed the Superior Court Judgment. The Connecticut Appellate Court affirmed the Superior Court Judgment, including its ruling that the Defendant's transfer of his interests in the Marital Properties to his children constituted fraudulent

conveyances. *See Cottrell v. Cottrell*, 135 Conn. App. 52, 53, 33 A.3d 839, 847 (2012).

Second, the Superior Court "actually decided" that the Defendant orchestrated the fraudulent conveyances. "The court finds that Cottrell [the Defendant] was seeking to prevent his wife from obtaining an interest in the real property in the event of a dissolution." Superior Court Judgment at 4. Furthermore, the Superior Court based its determination that the fraudulent conveyances were made on a stricter standard of proof, "clear and convincing evidence," rather than the "preponderance of evidence" standard of proof required in Section 523 nondischargeability actions. *See Grogan v. Garner*, 498 U.S. 279, 287, 111 S. Ct. 654, 659, 112 L. Ed. 2d 755 (1991); Superior Court Judgment at 4.

Third, the determination that the fraudulent conveyances were made was "necessary to the judgment," requiring the Defendant to pay the Plaintiff $200,000.00 to "buy" the Plaintiff's legal and equitable interests in the Marital Properties. Superior Court Judgment at 9. In the absence of the determination that the fraudulent conveyances were made, the Superior Court Judgment—setting aside the transfers, restoring full undivided interest in the real properties to the Defendant, and ordering the Defendant to pay $200,000.00 to the Plaintiff—could not have been validly rendered. See *Lighthouse Landings*, 300 Conn. at 344 ("An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered.").

Fourth, the Superior Court's determination that fraudulent conveyances were made is the "identical" issue to be decided in this adversary proceeding. As this Court would be required to do, the Superior Court carefully examined the Defendant's actions, motive, and the circumstances surrounding the fraudulent conveyances. *See* Superior Court Decision at 3. ("The court has considered the circumstances surrounding the transfers of September 2005 and whether

7

they were fraudulent," "the court finds the transfers were fraudulent conveyances by clear and convincing evidence because there was insufficient consideration and because they deprive the court of utilizing sufficient resources to effectuate an equitable distribution."). The Superior Court also found that by effectuating the fraudulent conveyances, the Defendant "was seeking to prevent his wife from obtaining an interest in the real property in the event of a dissolution" and those "conveyances occurred without consideration." *Id*. at 4. For the reasons set forth above, collateral estoppel applies and the Defendant is precluded from relitigating the issue of fraud in this adversary proceeding.

      The collateral estoppel effect of the Superior Court Judgment and the decision of the United States Supreme Court in *Husky v. Ritz* establish that no genuine issue of material fact exists as to whether the Dissolution Action debt was obtained by "actual fraud" under 11 U.S.C. § 523(a)(2)(A). *See Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1584-86, 194 L. Ed. 2d 655 (2016). In *Husky*, the Court held that for the purposes of Section 523(a)(2)(A), "actual fraud" encompasses fraudulent conveyance schemes, even when those schemes do not involve a false representation.[4] *Id.* The Superior Court unequivocally determined by clear and convincing evidence that the Defendant effectuated the fraudulent conveyances with the intent of hindering the Plaintiff from obtaining her interest in the Marital Properties. *See* Superior Court Judgment at 4. Therefore, the fraudulent conveyances meet the definition of "actual fraud" and the Dissolution Action debt traceable to the fraudulent conveyances is nondischargable under § 523(a)(2)(A). *See Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 194 L. Ed. 2d 655 (2016).

---

[4] In his Cross-Motion, the Defendant alleges that in order to establish the nondishcargeability of a debt under Section 523(a)(2)(A), a plaintiff must establish: (i) a debtor made the representation; (ii) at the time the debtor knew it was false; (iii) the debtor made it with the intention and purpose of deceiving a creditor; (iv) the creditor relied on such representation; and (v) the creditor sustained the alleged loss as the proximate cause of the representation, and argues that the Superior Court did not make such findings. However, as the United States Supreme Court held in *Husky*, a fraudulent conveyance made with wrongful intent, which the Superior Court found in the Dissolution Action, is sufficient to meet the definition of "actual fraud" under Section 523(a)(2)(A).

## VI. Conclusion

The Defendant failed to meet the burden of showing that "reasonable minds could differ as to the import of the evidence … in the record." *R.B. Ventures, Ltd. V. Shane*, 112 F.3d 54, 59 (2d Cir. 1997). All of the issues surrounding the Dissolution Action debt were fully and fairly litigated, actually decided, necessary to the Superior Court Judgment, and identical to the issues before this Court. Therefore, no genuine issue of material fact exists to be tried because the Dissolution Action debt is "actual fraud" under *Husky* and 11 U.S.C. § 523(a)(2)(A).

The Plaintiff's Partial Motion for Summary Judgment on Count Four of the Complaint is **GRANTED,** the Dissolution Action debt is deemed nondischargeable under 11 U.S.C. § 523(a)(2)(A), and the Cross-Motion is **DENIED.**

Dated at Bridgeport, Connecticut this 12th day of February, 2019.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut