**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: | |
| | CASE NO. 17-50057 (JAM) |
| RICHARD JAMES COTTRELL, JR., | |
|     Debtor. | CHAPTER 7 |
| | |
| GEORGIA COTTRELL, | |
|     Plaintiff, | |
| | |
| vs. | |
| | ADV. PRO. NO. 18-05021 (JAM) |
| RICHARD JAMES COTTRELL, JR., | |
|     Defendant. | RE: ECF NO. 104 |

## APPEARANCES

| | |
|---|---|
| Irve J. Goldman, Esq. | *Attorney for the Plaintiff* |
| Pullman & Comley, LLC | |
| 850 Main Street, P.O. Box 7006 | |
| Bridgeport, CT 06601 | |
| | |
| Timothy D. Miltenberger, Esq. | *Attorney for the Defendant* |
| Coan, Lewendon, Gulliver & Miltenberger, LLC | |
| 495 Orange Street | |
| New Haven, CT 06511 | |

### MEMORANDUM OF DECISION AFTER REMAND
### FOR AN ARTICULATION OF FACTUAL FINDINGS

Julie A. Manning, Chief United States Bankruptcy Judge

**I.    BACKGROUND**

Based upon the doctrine of collateral estoppel, a judgment entered in this adversary proceeding deeming a debt owed by Richard James Cottrell, Jr. (the "Defendant") to Georgia Cottrell (the "Plaintiff") nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) (the

"Judgment," ECF No. 77).[1]  The Judgment was based upon the findings of fact and conclusions of law contained in a Corrected Memorandum of Decision and Judgment of the Connecticut Superior Court dated November 17, 2009, in the marriage dissolution action entitled *Georgia Cottrell v. Richard Cottrell*, No. FA06-4006319-S (the "Superior Court Judgment").  The factual findings supporting this Court's Judgment were contained in a Memorandum of Decision on Plaintiff's Motion for Partial Summary Judgment on Count Four of the Complaint[2] and Defendant's Cross-Motion for Summary Judgment (the "Memorandum of Decision," ECF No. 76).  In the Memorandum of Decision, this Court held the debt owed to the Plaintiff arose out of the Defendant's fraudulent conveyances and that the fraudulent conveyances satisfied the "actual fraud" requirement of section 523(a)(2)(A) in accordance with the decision of the United States Supreme Court in the case of *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 194 L. Ed. 2d 655 (2016).

The Defendant appealed the Judgment to the United States District Court for the District of Connecticut (the "District Court").  *See Cottrell v. Cottrell*, No. 3:19-cv-250 (VLB).  On September 21, 2020, the District Court issued a Memorandum of Decision Remanding Bankruptcy Court Judgment for an Articulation of Factual Findings (the "Remand Order," ECF

---

[1] On May 8, 2019, this Court entered an Amended Judgment to include interest on the nondischargeable debt owed by the Defendant to the Plaintiff (the "Amended Judgment," ECF No. 90).

[2] In Count Four, the Plaintiff sought a declaration that the marriage dissolution obligation be deemed nondischargeable under 11 U.S.C. § 523(a)(2)(A).  Although the Complaint does not contain a cause of action under 11 U.S.C. § 523(a)(15), pursuant to which a debt is nondischargeable if it is owed "to a spouse, former spouse, or child of the debtor" that is "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record," the Plaintiff may file a motion for leave to amend the Complaint to add a section 523(a)(15) claim.

No. 104). The Remand Order noted that the parties did not challenge the factual findings of the Superior Court or the Bankruptcy Court and therefore the Court relied on those findings of fact.

The Remand Order instructed this Court to articulate its reasoning for finding that the marital dissolution obligation (the "Dissolution Action debt") is traceable to the Defendant's fraudulent conveyances. The Remand Order further instructed this Court to articulate the facts and reasoning supporting the conclusion that the fraudulent conveyances found by the Superior Court amount to actual fraud and that the Dissolution Action debt is obtained by actual fraud as required under section 523(a)(2)(A). In accordance with the Remand Order, this Court articulates its factual findings and reasoning below.

## II.     ARTICULATION OF FACTUAL FINDINGS AND REASONING

### A.     The debt is traceable to the Defendant's fraudulent conveyances

In deciding that the Dissolution Action debt is traceable to the Defendant's fraudulent conveyances, this Court relied upon the 2009 Superior Court Judgment's findings of facts and conclusions of law, all of which were affirmed on appeal by the Connecticut Appellate Court in 2012.[3] The findings of fact and conclusions of law this Court relied on include: (i) the Plaintiff and the Defendant submitted sworn financial affidavits to the Superior Court at the time of the dissolution; (ii) the Defendant's sworn financial affidavit listed his partial interests in certain real properties he transferred to his five year old and three year old children, but listed no ownership interest in the marital home; (iii) the Defendant's proffered explanation for transferring his

---

[3] The Remand Order notes that this Court did not explain how the Dissolution Action Debt is traceable to the fraudulent conduct of the Defendant, particularly where the Superior Court indicated that it set aside the fraudulent conveyances before issuing its judgment. However, as memorialized in a single decision, the Superior Court Judgment simultaneously ordered the fraudulent conveyances to be aside, the Defendant's full undivided interests in the real properties to be restored, and the Defendant to "buy" the Plaintiff's legal and equitable interest in the fraudulently conveyed properties.

interests in the real properties to his children was unpersuasive; (iv) the fraudulent conveyances were made with the intent to prevent the Plaintiff from obtaining an interest in the real properties in the event of a dissolution; (v) the Defendant's transfer of the interests in the real properties were fraudulent conveyances because there was "insufficient consideration" for the conveyances and because the conveyances deprived the court of "utilizing sufficient resources to effectuate an equitable distribution"; (vi) the Defendant's sworn financial affidavit submitted at trial listed his real estate interests, including his partial interests in the real properties conveyed to his children, as having a value of $147,573, which the Superior Court concluded was "not sufficient to effectuate an equitable distribution of assets owned during the marriage"; and (vii) the Superior Court ordered the Defendant to "buy" the Plaintiff's interests in the fraudulently conveyed properties "within ninety (90) days of this judgment by paying her $200,000 by certified check or bank check." *See* Superior Court Judgment at 4.

Several additional findings of fact in the Superior Court Judgment provide further support for the conclusion that the Dissolution Action debt is traceable to the Defendant's fraudulent conveyances. The Superior Court found that the Defendant purchased the real properties prior to marrying the Plaintiff, and that before fraudulently conveying the real properties, he was the sole owner of those properties. Superior Court Judgment at 2. The Superior Court also found that (i) the Defendant fraudulently conveyed the real properties "in anticipation of the dissolution action since the parties' marriage was troubled at that time"; (ii) the Defendant, in executing the deeds to his children, "was seeking to prevent his wife from obtaining an interest in the real property in the event of a dissolution"; and (iii) the fraudulent conveyances were made "without consideration." *Id.* at 4. While it is possible that the Superior Court's reason for imposing the Dissolution Action debt could fit into one or more of the scenarios the Remand Order posits, the

Superior Court Judgment directly ties the Defendant's obligation to pay the Plaintiff $200,000 to the real properties he fraudulent conveyed but failed to include in his sworn financial affidavit.

After weighing all of the evidence submitted during the trial, including the representations in the Defendant's sworn financial affidavit and the Defendant's unpersuasive testimony explaining the reason for conveying his interests in the real properties to his children, the Superior Court concluded that the fraudulent conveyance deeds were executed in anticipation of a dissolution action. Consequently, the Superior Court Judgment set aside the fraudulent conveyances, returned the interests in the real properties to the Defendant, and simultaneously ordered the Defendant to pay the Plaintiff $200,000 for her legal and equitable interests in the real properties. For these reasons, this Court found that the Dissolution Action debt is traceable to the Defendant's fraudulent conveyances.

### B. The debt was obtained by "actual fraud"

This Court's determination that the Dissolution Action debt was a debt obtained by actual fraud is based on the preclusive effect of the Superior Court Judgment and the United States Supreme Court's decision in *Husky*. The Defendant is bound by the Superior Court Judgment which held that he fraudulently conveyed his interests in real properties to prevent the Plaintiff from obtaining an interest in them in the event of a dissolution action. The Superior Court Judgment was affirmed by the Connecticut Appellate Court. *See Cottrell v. Cottrell*, 133 Conn. App. 52, 64-65 (2012) (concluding that the Superior Court's factual findings regarding the fraudulent conveyances were "supported by the record" and were "not clearly erroneous"). Thus, the factual findings contained in the Superior Court Judgment are final.

This Court then applied the undisputed factual findings—including that the Defendant fraudulently conveyed the real properties to prevent the Plaintiff from obtaining an interest in

them in a future dissolution action—to the controlling law of what constitutes "actual fraud" under section 523(a)(2)(A). In *Husky*, the United States Supreme Court was asked to decide whether "actual fraud" under section 523(a)(2)(A) requires a false representation or whether it encompasses other forms of fraud. *Husky*, 136 S. Ct. at 1585. The Supreme Court reasoned that fraudulent conveyances involve "acts of concealment and hinderance" that constitute fraudulent conduct. *Id.* at 1587. It then held that, for purposes of section 523(a)(2)(A), "actual fraud" "encompass[es] fraudulent conveyance schemes, even when those schemes do not involve a false representation." *Id.* at 1590.

In support of its holding, the Supreme Court specifically analyzed the term "actual fraud." It found that "actual fraud" has two parts: actual and fraud. *Id.* at 1586. The Court discussed that the word "actual" has a simple meaning: it denotes any fraud that involves moral turpitude or intentional wrong. *See id.* Thus, according to the Supreme Court, "anything that counts as 'fraud' and is done with wrongful intent is 'actual fraud.'" *Id.*

The Supreme Court continued its analysis by examining what constitutes fraud. Fraud, it said, generally connotes deception or trickery, but acknowledged that fraud is difficult to precisely define. *See id.* The Court reviewed one of the first bankruptcy acts, the Statute of 13 Elizabeth, observing that it "has long been relied upon as a restatement of the law of so-called fraudulent conveyances." *Id.* at 1587. Referring to the principles and language in the Statute of 13 Elizabeth, the Court stated that the principles and language apply and are in use today. The Court noted that in modern terms, "Parliament made it fraudulent to hide assets from creditors by giving them to one's family, friends, or associates." *Id.* Accordingly, the Supreme Court held that the degree to which the Statute of 13 Elizabeth "remains embedded in laws related to fraud

today clarifies that the common-law term 'actual fraud' is broad enough to incorporate a fraudulent conveyance." *Id.*

In this case, the Defendant's transfer of assets, accomplished by his fraudulent conveyance scheme, involved moral turpitude or intentional wrong.  The Defendant intentionally and purposefully conveyed his interests in real properties in anticipation of a dissolution action with the wrongful intent to prevent the Plaintiff from obtaining any interest in those real properties.  The Defendant's fraudulent conveyance scheme was uncovered and then set aside in the dissolution action that was ultimately filed.  His deliberate scheme, therefore, satisfies the "actual" component of "actual fraud."  *See Husky*, 136 S. Ct. at 1586.

The Defendant's actions also satisfy the "fraud" component of "actual fraud."  The Defendant fraudulently conveyed the real properties *to prevent the Plaintiff* from obtaining an interest in the real properties.  As the Supreme Court noted, fraudulent conveyances involve "acts of concealment and hinderance" that constitute fraudulent conduct.  Furthermore, the Court noted "the common-law term 'actual fraud' is broad enough to incorporate a fraudulent conveyance." *See id.* at 1587.  The Defendant's fraudulent conveyances concealed from the Plaintiff his true ownership interests in the real properties.  His decision to transfer his interests in the real properties was an act of concealment and hinderance, accomplished with wrongful intent.  As the Supreme Court stated, "anything that counts as 'fraud' and is done with wrongful intent is 'actual fraud.'"  *Id.* at 1586.  Therefore, pursuant to *Husky*, the Defendant's fraudulent conveyance scheme fits the definition of "actual fraud."

### III.    CONCLUSION

In accordance with the provisions of the Remand Order, this decision articulates this Court's findings that the Dissolution Action debt is traceable to the Defendant's

7

fraudulent conveyances that the Dissolution Action debt was obtained by the Defendant's actual fraud.

Dated at Bridgeport, Connecticut this 21st day of January, 2021.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut